**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER IMELMANN,

 *Plaintiff*,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, H. WASHINGTON,
JACKSON COUNTY BOARD OF
COMMISSIONERS,

 *Defendants*.
_____/

CASE NO. 12-CV-10671

DISTRICT JUDGE BERNARD FRIEDMAN
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**
**AND ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
(Doc. 4)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that all claims against Defendant H. Washington in his individual capacity be *sua sponte* dismissed, that Plaintiff's Motion for Preliminary Injunction be denied, that Plaintiff's claims for injunctive relief brought in the Complaint be dismissed, and that the Complaint be served on the remaining defendants.

## II. REPORT

### A. Introduction

Plaintiff Christopher Imelmann is a prisoner incarcerated by the Michigan Department of Corrections ("MDOC"). On February 15, 2012, Plaintiff filed a *pro se* complaint alleging the violation of his rights under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a) ("Rehabilitation Act"). On April 24, 2012, U.S. District Judge Bernard A. Friedman referred all pretrial matters to the undersigned magistrate judge. Plaintiff's application to proceed without prepayment of fees was granted on May 3, 2012. After screening

the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.     Standard of Review**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

**C.     The Complaint**

Plaintiff states that he is a wheelchair-dependent paraplegic and that he is being subjected to unsafe conditions in violation of the Americans with Disabilities Act and the Rehabilitation Act. Specifically, Plaintiff alleges that he is being housed on the fourth floor of the Duane Waters Health Center in Jackson, Michigan, which Plaintiff alleges is a "fire trap." (Doc. 1 at 1.) Plaintiff states that his numerous requests to be moved to the third floor "where there is immediate wheelchair access to an escape-route should there be a fire at this facility" have been denied. (*Id*.

at 4.) Plaintiff alleges that defendants have "discriminated against him solely based on his disability by refusing to provide him with a wheelchair accessible escape route." (*Id*. at 4.) Plaintiff seeks "injunctive relief, declaratory relief, and monetary as well as punitive damages to make him whole for the discrimination he is suffering." (*Id*. at 2.) As defendants, Plaintiff has named the Michigan Department of Corrections, the warden of the facility (H. Washington), and the Jackson County, Michigan, Board of Commissioners. (*Id*. at 1.) Plaintiff does not state in what capacity he is suing Warden Washington.

### D. Governing Law

Plaintiff brings claims under the ADA and the Rehabilitation Act. The Sixth Circuit has noted that "[b]ecause the ADA sets forth the same remedies, procedures, and rights as the Rehabilitation Act . . . claims brought under both statutes may be analyzed together." *Thompson v. Williamson County, Tenn.*, 219 F.3d 555, 557 n.3 (6th Cir. 2000). "[T]o establish a prima facie case of discrimination under the ADA" in the prison setting, "a plaintiff must prove that '(1) [he] has a disability; (2) [h]e is otherwise qualified; and (3) [he] is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of her disability.'" *Tucker v. Tennessee*, 539 F.3d 526, 532-33 (6th Cir. 2008) (citing *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005)).

### E. Analysis & Conclusions

#### 1. Defendant H. Washington

Defendant has named Warden H. Washington as a defendant. Individuals, however, are not liable for damages for an alleged violation of the ADA. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) ("Title II of the ADA does not [ ] provide for suit against a public official in his individual capacity"); *Powell v. Morris*, 184 F.R.D. 591, 596 (S.D. Ohio 1998) ("[t]here is no individual liability under the ADA"). Plaintiff can, however, maintain an ADA claim against Washington in his official capacity, because such a claim is "for all intents and purposes, against

3

the state of Michigan as the real party-in-interest." *Mingus v. Butler*, 591 F.3d 474, 482 (6th Cir. 2010).

Accordingly, I suggest that all claims against Warden H. Washington in his individual capacity be *sua sponte* denied.

### 2. Motion for Preliminary Injunction

I further suggest that the Court should deny Plaintiff's motion for preliminary injunction (Doc. 4) and dismiss his request for injunctive relief brought forward in the Complaint. Plaintiff asks to be immediately transferred to the third floor, where there is wheelchair access to an escape-route. (Compl. ¶ 13.) According to the MDOC's Offender Tracking Information System, however, Plaintiff is no longer incarcerated at the Duane Waters Health Center in Jackson, Michigan, but has been moved to the Maxey/Woodland Correctional Facility.[1] It is well established that a prisoner's transfer to a different correctional facility generally moots his request for injunctive relief. *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Because Plaintiff is no longer housed under the conditions that he alleges were in violation of the ADA and the Rehabilitation Act, I suggest that his requests for injunctive relief are moot and that therefore his motion for preliminary injunction should be denied and his claims for injunctive relief found in the Complaint be *sua sponte* dismissed.

### 3. Service of Process

To assert a claim under the ADA, the plaintiff must have been excluded from the activities of a "public entity." A "public entity" is defined as "(A) any State or local government; and (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ."). 42 U.S.C. § 12131. Accordingly, I suggest that the Complaint be served on the remaining defendants.

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=254339 (viewed on May 11, 2012).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                         s/ **Charles E Binder**
                                         CHARLES E. BINDER
Dated: May 16, 2012                      United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and served by first class mail on Christopher Imelmann, #254339, Woodland Center Correctional Facility, 9036 E. M-36, Whitmore Lake, MI 48189-8147.

Date: May 16, 2012                  By      s/*Jean L. Broucek*
                                                 Case Manager to Magistrate Judge Binder