## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTOPHER IMELMANN,

     *Plaintiff*,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, JACKSON COUNTY
BOARD OF COMMISSIONERS,

     *Defendants*.

_____/

CASE NO. 12-CV-10671

DISTRICT JUDGE BERNARD FRIEDMAN
MAGISTRATE JUDGE CHARLES BINDER

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE
## SUPPLEMENTAL COMPLAINT
(Doc. 15)
## AND PLAINTIFF'S MOTION FOR RECONSIDERATION
## OF PRELIMINARY INJUNCTION
(Doc. 16)

## I.    Background

Plaintiff Christopher Imelmann is a prisoner incarcerated by the Michigan Department of
Corrections ("MDOC"). On February 15, 2012, Plaintiff filed a *pro se* complaint alleging the
violation of his rights under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §
12101 *et seq*. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, as amended and
codified in 29 U.S.C. § 794(a) ("Rehabilitation Act"). On April 24, 2012, U.S. District Judge
Bernard A. Friedman referred all pretrial matters to the undersigned magistrate judge.

Plaintiff, a wheelchair-dependent paraplegic, alleges in his Complaint that he is being
subjected to unsafe conditions in violation of the Americans with Disabilities Act and the
Rehabilitation Act. Specifically, Plaintiff alleges that he is being housed on the fourth floor of the
Duane Waters Health Center in Jackson, Michigan, which Plaintiff alleges is a "fire trap." (Doc.
1 at 1.) Plaintiff states that his numerous requests to be moved to the third floor "where there is
immediate wheelchair access to an escape-route should there be a fire at this facility" have been
denied. (*Id.* at 4.) Plaintiff alleges that defendants have "discriminated against him solely based
on his disability by refusing to provide him with a wheelchair accessible escape route." (*Id*. at 4.)

Plaintiff seeks "injunctive relief, declaratory relief, and monetary as well as punitive damages to make him whole for the discrimination he is suffering." (*Id.* at 2.)

## II.   Plaintiff's Motion for Leave to File Supplemental Complaint

On July 11, 2012, Plaintiff submitted a motion seeking leave of court to file a "Supplemental Complaint" (Doc. 15) and also submitted a document that was docketed as the "Supplemental Complaint." (Doc. 17.) Plaintiff seeks to add a claim alleging that the facility at which he is now residing (the Woodland Correctional Facility in Whitmore Lake, Michigan) has no "safe and reasonable way to evacuate wheelchair dependent persons, because the nearest 'fire-Exit' has a make-shift plywood ramp which has a steep forty-five degree angle of ascent . . . ." (Doc. 15, Affidavit ¶ 3.)

Motions to file a supplemental pleading are governed by Rule 15 of the Federal Rules of Civil Procedure. The rule states that "[o]n motion and reasonable notice, the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* at 15(d). There must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims. *Cage v. Harry*, No. 1:09-cv-512, 2010 WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010) (quoting *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993)).

In prisoner cases, the supplemental claims must be linked to the original claims, but they must also have been completely exhausted through all steps of the prison's grievance procedure in accordance with the Prison Litigation Reform Act's mandatory exhaustion requirement. 42 U.S.C. § 1997e(a). *See Hoyt v. Rogers*, No. 10-cv-10262, 2011 WL 940350, at *4 (E.D. Mich. March 16, 2011) (denying motion to supplement pleading because prisoner's supplemental claims were either unexhausted or improperly exhausted). Although the failure to exhaust is an affirmative defense, when it is clearly apparent in the record, the court need not wait for a defendant to raise the issue. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

In this case, Plaintiff has supplied the Court with a copy of his Step I grievance wherein he asserted to the MDOC that the Woodland facility's wheelchair ramp is unsafe. (Doc. 16 at Ex. E.) The grievance was submitted on May 23, 2012, and the Step I response was not due until July 13, 2012. (First Step Grievance Receipt, Doc. 16 at Ex. F.) The MDOC has a three-step grievance procedure. *See* MDOC Policy Directive 03.02.130. Plaintiff's motion to file a supplemental pleading, however, was filed on July 11, 2012, prior to the completion of even the first step of the three-step process. Partial exhaustion does not suffice. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (to exhaust a claim, a prisoner must proceed through all of the steps in a prison's grievance process).

Accordingly, the Court will deny the motion to supplement because it is clear from the face of the documents submitted that the claim Plaintiff seeks to add has not been exhausted as required.

### III.    Plaintiff's Motion for Reconsideration of Preliminary Injunction

Also on July 11, 2012, Plaintiff filed a motion seeking reconsideration of the Court's prior denial of his motion for preliminary injunction. (Doc. 16.) In the original motion for preliminary injunction, Plaintiff sought an order requiring the MDOC to immediately transfer him out of the fourth floor of the Duane Waters Health Center in Jackson, Michigan. (Doc. 4.) On June 19, 2012, Judge Friedman adopted the recommendation that the motion be denied because Plaintiff's transfer to a different correctional facility mooted his request for injunctive relief. (Doc. 12.)

In this district, it is an exception to the norm for the Court to grant a motion for reconsideration. *See* E.D. Mich. LR 7.1(h)(3) ("Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). To obtain reconsideration, the movant must (1) "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and (2) "show that correcting the defect will result in a

different disposition of the case." *Id.* The requirement of a "palpable defect" limits the Court to revisiting only those errors that are "obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001); *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (holding that when the movant "has brought up nothing new – except his displeasure – this court has no proper basis upon which to alter or amend the order previously entered") (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)). Therefore, absent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.

In this case, Plaintiff seeks reconsideration based on his new allegation that the ramp at the Woodland facility is too steep. This new unexhausted allegation, however, does not demonstrate that the Court was misled by a palpable defect when it decided the prior motion, and therefore the motion for reconsideration will be denied.

## IV.    Order

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Leave to file Supplemental Complaint (Doc. 15) is **DENIED**;

that the document docketed as the Supplemental Complaint (Doc. 17) be **STRICKEN** from the record;

and that Plaintiff's Motion for Reconsideration (Doc. 16) is **DENIED**.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

Dated: July 17, 2012

4

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Kevin Himebaugh, and served by first class mail on Christopher Imelmann, #254339, Charles Egeler Reception & Guidance Center Annex, 2855 Cooper St., Jackson, MI, 49201.

Date:  July 17, 2012                    By____s/Jean L. Broucek_____
                                        Case Manager to Magistrate Judge Binder