UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER IMELMANN,

    *Plaintiff*,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, H. WASHINGTON,
JACKSON COUNTY BOARD OF
COMMISSIONERS,

    *Defendants*.
    _____/

CASE NO. 12-CV-10671

DISTRICT JUDGE BERNARD A. FRIEDMAN
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.   RECOMMENDATION**

**IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

**II.   REPORT**

    **A.   Background**

Plaintiff Christopher Imelmann is a prisoner incarcerated by the Michigan Department of Corrections ("MDOC"). On February 15, 2012, Plaintiff filed a *pro se* complaint alleging the violation of his rights under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Section 504 of the Rehabilitation Act of 1973, as amended and

---

[1] In the event this Report and Recommendation is adopted, Defendants' pending dispositive motions (Doc. 21, 22) will be moot.

codified in 29 U.S.C. § 794(a) ("Rehabilitation Act"). On April 24, 2012, U.S. District Judge Bernard A. Friedman referred all pretrial matters to the undersigned magistrate judge. Plaintiff's application to proceed without prepayment of fees was granted on May 3, 2012.

Plaintiff's complaint asserts that he is a wheelchair-dependent paraplegic who was subjected to unsafe conditions in violation of the ADA and the Rehabilitation Act. Specifically, Plaintiff stated that he was being housed on the fourth floor of the Duane Waters Health Center in Jackson, Michigan, which he alleged was a "fire trap." (Doc. 1 at 1.) Plaintiff reported that his numerous requests to be moved to the third floor "where there is immediate wheelchair access to an escape-route should there be a fire" were denied. (*Id.* at 4.) Plaintiff alleged that the defendants have "discriminated against him solely based on his disability by refusing to provide him with a wheelchair accessible escape route." (*Id.* at 4.) Plaintiff sought "injunctive relief, declaratory relief, and monetary as well as punitive damages to make him whole for the discrimination he is suffering." (*Id.* at 2.) As defendants, Plaintiff named the Michigan Department of Corrections, the warden of the facility (H. Washington), and the Jackson County, Michigan, Board of Commissioners. (*Id.* at 1.)

On June 19, 2012, U.S. District Judge Bernard A. Friedman adopted a recommendation that all claims against Defendant H. Washington in his individual capacity be *sua sponte* dismissed, that Plaintiff's Motion for Preliminary Injunction be denied, and that Plaintiff's claims for injunctive relief be dismissed because he had been transferred to another facility. (Doc. 12.)

On August 9, 2012, Defendant Jackson County Board of Commissioners filed a Motion to Dismiss, asserting that Plaintiff had not alleged any personal involvement by the board and that it is entitled to qualified immunity. (Doc. 21.) On August 21, 2012, Defendant Michigan

2

Department of Corrections filed a Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. (Doc. 22.)

The Local Rules provide that a litigant has 21 days to respond to a dispositive motion. E.D. Mich. LR 7.1e. In addition, Plaintiff was specifically notified that he had until September 28, 2012, to file a response. (Doc. 23.) No response was filed by Plaintiff to either motion and no correspondence of any kind has been received from Plaintiff since before these motions were filed, which was more than three months ago.

**B.     Discussion**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation.  However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad*

*Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff failed to comply with the Court's "readily-comprehendible" deadline for filing a response to a dispositive motion or to otherwise communicate with the Court. Therefore, I find that Plaintiff has failed to actively pursue the litigation that he initiated, and recommend that the case be *sua sponte* dismissed for failure to prosecute.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: November 30, 2012 | United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Kevin Himebaugh and Patrick Aseltyne, and served by first class mail on Christopher Imelmann, #254339, Woodland Center Correctional Facility, 9036 East M-36, Whitmore Lake, MI, 48189.

|  |  |
|---|---|
| Date: November 30, 2012 | By    s/*Jean L. Broucek* |
|  | Case Manager to Magistrate Judge Binder |

5